Filed 8/27/21  In re J.A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.A., a Person Coming Under the Juvenile Court Law. | D078876 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (San Diego County Super. Ct. No. J519822B) |
| Plaintiff and Respondent, | |
| v. | |
| A.A., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Marian F. Gaston, Judge.  Conditionally reversed and remanded with directions.

Marisa L. Dersey Conroy, under appointment by the Court of Appeal, for Defendant and Appellant.

Lonnie J. Eldridge, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

A.A. (Mother) appeals from an order terminating her parental rights to her child, J.A., pursuant to Welfare and Institutions Code section 366.26. A.A. contends the juvenile court erroneously found the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) did not apply. Counsel for Mother and the San Diego County Health and Human Services Agency (the Agency, collectively the parties) have conferred and agree that the Agency's investigation under the ICWA was inadequate. The parties have filed a joint stipulation seeking a limited reversal and remand with directions to the Agency and the juvenile court to ensure compliance with the ICWA. We accept the stipulation and conditionally reverse the order terminating parental rights.

## DISCUSSION

Mother submitted an ICWA-020 form in October 2019 indicating that she had no Indian ancestry. Father then submitted an ICWA-020 form in November 2019 indicating that he, too, did not have Indian ancestry. On February 6, 2020, the juvenile court held that reasonable inquiry had been made to determine whether J.A. is an Indian Child and found that it had reason to know that J.A. is not an Indian child.

On or around February 2021, the Agency learned that the paternal grandmother was claiming Native American heritage with the Cherokee Nation. When Father was asked about this, he denied such heritage and stated that, if there was any Indian ancestry, it would be "little to none." There is no indication in the record that the Agency conducted any further inquiry.

2

At the contested hearing in March 2021, the Agency informed the juvenile court about the paternal grandmother's claim of Indian heritage and stated that it "has since conducted further investigation and has found that there is no further information that would lead the court to believe ICWA would apply." Based thereon, the juvenile court confirmed its previous finding that the ICWA does not apply "as there is no reason to believe that [J.A.] may be an Indian child."

Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following:  [¶]  (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.  [¶]  (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."  (Code Civ. Proc., § 128, subd. (a)(8).)

The present case involves reversible error because the parties agree, and we concur, that the Agency failed to comply with the ICWA's inquiry requirement and related California provisions.  (Cal. Rules of Court, rule 5.481(a)(4); Welf. & Inst. Code, § 224.1 et seq.)  Because this case would be subject to reversal to permit compliance with the ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8).  (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The March 18, 2021 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and the matter

3

is remanded with directions for the juvenile court to order the Agency to make a proper inquiry into possible Indian ancestry in J.A.'s paternal lineage to ensure compliance with the ICWA and related state statutes and rules. If, after further inquiry, the Agency obtains information showing a reason to know that J.A. is an Indian child, the juvenile court must provide notice in accordance with ICWA. If the juvenile court finds that J.A. is an Indian child, it shall proceed in conformity with the ICWA. If the court finds that J.A. is not an Indian child, the order terminating parental rights shall be reinstated. In all other respects, the order is affirmed. The remittitur shall issue forthwith.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

GUERRERO, J.

4